# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTOINETTE CRUZ, on behalf of minor child J.A.C., <br>     Plaintiff, <br><br>     v. <br><br> ANDREW M. SAUL, <br> Deputy Commissioner for the <br> Social Security Administration, <br>     Defendant. | CAUSE NO.: 3:19-CV-27-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Antoinette Cruz on behalf of her minor child J.A.C. on January 14, 2019, and Plaintiff's Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security [DE 22], filed September 4, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On September 24, 2019, the Commissioner filed a response. Plaintiff did not file a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.     Background**

On July 20, 2015, Plaintiff filed an application for benefits alleging that J.A.C., a minor, was disabled as of July 20, 2015. Plaintiff's application was denied initially and upon reconsideration. On September 12, 2017, Administrative Law Judge ("ALJ") Michelle Whetsel held a video hearing, at which claimant J.A.C., his mother, and grandmother testified. Plaintiff waived her right to representation at the hearing. On November 27, 2017, the ALJ issued a decision finding that the claimant was not disabled.

The ALJ made the following findings:

1.     The claimant was a school-age child, on July 20, 2015, the date the

          application was filed, and is currently a school-age child.

2. The claimant has not engaged in substantial gainful activity since July 20, 2015, the application date.

3. The claimant has the following severe impairments: asthma and attention deficit hyperactivity disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.

6. The claimant has not been disabled since July 20, 2015.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

To determine whether a child is disabled, the ALJ considers whether the child's medically determinable impairments meet or functionally equal the criteria of a listing. The ALJ considers six different domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b). If the ALJ finds the child to have a "marked" limitations in two of the domains, or an "extreme" limitation in one, the child is deemed to have functionally equaled a listing. *Id.*, § 416.926a(d).

2

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski*

3

*v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III. Analysis**

Plaintiff argues that the ALJ failed to fulfill the heightened duty to develop a full and fair record for an unrepresented claimant. The Commissioner argues that the ALJ developed a full and fair record.

"A claimant has a statutory right to counsel at a disability hearing," but that right is waivable. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (citing 42 U.S.C. § 406, 20 C.F.R. 404.1700; *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir.1991)). The Seventh Circuit Court of Appeals has required the ALJ to explain three things to a pro se claimant "[t]o ensure a valid waiver of counsel[:] . . . (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion v. Shalala*, 13 F.3d at 245. "While a claimant represented by counsel is presumed to have made his best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Skinner v. Astrue*, 478 F.3d 836, 841–42 (7th Cir. 2007) (citing *Sears v. Bowen*, 840 F.2d 394, 402 (7th Cir.1988)). Accordingly, when someone "proceeds without counsel, an ALJ has a duty to 'probe[ ] the claimant for possible disabilities and uncover[ ] all the relevant evidence.'" *Mallett v. Barnhart*, 81 F. App'x 580, 582 (7th Cir. 2003) (quoting *Binion v. Shalala*, 13 F.3d at 245); *see also Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) ("when the claimant is unrepresented by counsel, the ALJ has a duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts'") (quoting *Thompson*, 933 F.2d at 585). Some of the factors a court will consider when determining whether an ALJ has

4

developed the record include:

> (1) whether the ALJ obtained all of the claimant's medical and treatment records; (2) whether the ALJ elicited detailed testimony from the claimant at the hearing (probing into relevant areas, including medical evidence on the record, medications, pain, daily activities, the nature of all physical and mental limitations, etc.), and (3) whether the ALJ heard testimony from examining or treating physicians.

*Ferguson v. Barnhart*, 67 F. App'x 360, 367 (7th Cir. 2003). "If the Commissioner fails to make the requisite showing, the case must be remanded." *Chatmon v. Barnhart*, No. 04C344, 2004 WL 3246111, at *2 (N.D. Ill. Aug. 13, 2004) (citing *Thompson*, 933 F.2d at 586).

The ALJ found that the claimant was not disabled, and that he had "less than marked limitation" in the domains of acquiring and using information and attending and completing tasks, based in part on his academic performance. *See* SSR 09-3p, 2009 WL 396025 (February 17, 2009) at *3 ("Because much of a preschool or school-age child's learning takes place in a school setting, preschool and school records are often a significant source of information about limitations. . . . Poor grades or inconsistent academic performance are among the more obvious indicators of a limitation."). The ALJ found that despite "less than average grades, education records [. . .] indicate no problem" in those domains. But the education records are largely absent from the record of this case. The sections of the administrative record labeled "Education Records-Non Medical" consist of ten pages combined. They include a single page of a grade sheet from fourth grade (labeled "Reporting Term Q1"). The section labeled "Education Records-Medical" contains some additional school records, but the only grades available are the grade sheet and a third-grade progress report.

Many documents that should have been relevant to the decision are missing. The claimant's mother testified that he was advanced a grade despite not having passed the ISTEP reading test, AR

5

51-52, but the test results are not in the record. The claimant's mother also testified that his teacher has a "book that she's writing everything down, you know, that he does day by day." AR 49. That book does not appear in the record, and does not appear to have been requested. Although an incomplete, unsigned version of Plaintiff's 504 education plan appears, indicating that he needs extra time on tests, AR 266-270, the completed report is not available, nor any records indicating how the plan was devised. Because the claimant was unrepresented, and with the record obviously incomplete, it was the ALJ's job to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Nelson*, 131 F.3d at 1235.

The Court also notes that the ALJ failed to build a logical bridge from the evidence to several of her conclusions. *O'Connor-Spinner*, 627 F.3d at 618. For example, the ALJ concluded that Plaintiff has "less than marked limitation" in acquiring information and completing tasks, and "other than" his grades, the education records "indicate no problem" in those domains. The available records, such as there are, suggest that Plaintiff gets 'F's in most of his classes. *See* AR 271 ('F' in three of four classes listed), 326 ('F' in math, reading, and social studies). A standardized test in third grade placed him in the fifth percentile nationally – performing at the level of a first-grader – and, in reading, showed that he "would be best served by instructional materials prepared at the pre-kindergarten level." AR 323. Two assessments by his teachers, though not completely legible in the copies furnished to the Court, confirm difficulties in math, writing, following instructions, and completing tasks. *See* AR 177, 179. Even discounting the grades, the ALJ did not explain why these records indicated "no problem" with the claimant's acquiring and using information or attending or completing tasks.

Similarly, while the ALJ found that educational records "indicate no problem" in interacting

with others, the records show that the claimant received multiple detentions for being disruptive in the classroom, and consistently got into disputes with other children on the school bus. AR 320, 324, 358-59. Although the ALJ discussed some of this evidence, he did not explain how it was consistent with his conclusion that the records indicate no problem in these domains. *See Smith v. Astrue*, 467 F. App'x 507, 511 (7th Cir. 2012) (remanding where the ALJ's opinion "tick[ed] off certain . . . evidence," but did not "specify how the evidence undermines [the plaintiff's] credibility"); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."). And while the ALJ found that the claimant's medical records "fail to indicate any significant social difficulty," he did not explain how that finding was consistent with the ADHD symptoms reported in his clinical records. *See, e.g.*, AR 306 (reporting "more mood swings, staring out into space and not acting like himself"); 352 ("anger, talking back, crying"); 364 (reported issues with social withdrawal); 368 ("irritability" despite "improved behaviors").

The ALJ made similar mistakes in assessing the claimant's ability to care for himself. The ALJ found that he had "no limitation" in this area, based in part on the hearing testimony. But the claimant's mother testified that he does not bathe himself, or brush his teeth properly, and cannot multitask "at all." AR 50-51. The claimant's grandmother also testified that he required supervision to complete daily hygiene tasks. AR 57. Those allegations bear directly on whether the claimant has limitations in caring for himself. *See* SSR 09-7p, 2009 WL 396029 (February 17, 2009) at *5 (a typical school-age child "performs most daily activities independently (for example, dressing, bathing), but may need to be reminded"). In finding that the claimant had no limitations, the ALJ cited generally to the claimant's clinical records as reporting "good health habits." Although

7

Plaintiff was recorded as presenting to the doctor with good hygiene, no clinical record appears to address whether Plaintiff could bathe or dress himself, or brush his teeth properly. The ALJ failed to solicit more detailed testimony on these points, did not analyze them in the decision, and did not explain why they are consistent with Plaintiff's having "no limitations" in this domain.

On remand, the ALJ is directed to fully develop the record, including obtaining all relevant academic records and medical records, and "elicit[] detailed testimony . . . at the hearing probing into relevant areas, including medical evidence on the record, medications, pain, daily activities, the nature of all physical and mental limitations, etc." *Ferguson,* 67 F. App'x at 367. The ALJ is reminded of her responsibility to create a logical bridge between the evidence and her conclusions to allow for meaningful review. *O'Connor-Spinner*, 627 F.3d at 618.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security [DE 22] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 26th day of February, 2020.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record